IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20260
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

MARIO HERNANDEZ, also known as Marachi,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-35-1
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:*

     Defendant-appellant, Mario Hernandez, appeals his conviction
and sentence on drug charges.  Finding no error, we affirm.

     Hernandez pleaded guilty to one count of conspiracy to
possess with intent to distribute heroin.  He cooperated
substantially with the Government and, in return, the Government
recommended a downward departure pursuant to U.S.S.G. § 5K1.1.
Herandez received a sentence of 188 months, a significant
reduction from the guideline minimum of 360 months.

------------------------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hernandez now contends that he believed that the Government agreed to a sentence of 120 months and that the district court was aware of this belief. Therefore, he argues, the district court should have allowed him to withdraw his guilty plea or should have held an evidentiary hearing on whether an agreement existed.

Hernandez failed to file a motion to withdraw pursuant to FED. R. CRIM. P. 32. Thus, he has forfeited any objection and his claims are subject only to plain error review. See United States v. Palomo, 998 F.2d 253, 256 (5th Cir. 1993). A review of the record demonstrates that the district court committed no error, much less plain error.

At his rearraignment, Hernandez repeatedly informed the court that he understood that any recommendation by the Government was just that, a recommendation, and was not binding in any fashion upon the court. Hernandez' own sentencing memorandum stated that the Government agreed to *recommend* a sentence of 120 months. Further, when his counsel stated at sentencing that there was an agreement of 120 months, the district court promptly stated that the Government could not agree to a sentence and that the court would decide the sentence. Hernandez' counsel unequivocally agreed with the district court and stated that there was no reason that sentence should not be imposed. Thus, Hernandez' own statements to the court, as well as the statements of his counsel, belie his current claims that he believed there to be a binding agreement for a 120-month sentence.

Accordingly, the district court committed no error in either failing to vacate Hernandez' plea *sua sponte* or in failing to hold an evidentiary hearing on the existence of an agreement for a prison term of 120 months. For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.